McFarland, J.,
delivered the opinion of the court.
This case is an application to this court for a writ of prohibition.
One Andrew Davis presented his petition to Judge Halsey, of the Second Circuit Court of Shelby County, showing that in January last he was elected alderman of the 3d ward of Memphis; that his election was contested, but that the contest was decided by the board in his favor, and he was duly inducted into the office, which he still holds, — the term not expiring *211 until the end of the year 1874. That his competitor in the election, one Steinkuhl, who was the contestant, combining with others who desire his removal from the office, proceedings have been instituted to have him removed, which were pending before the board. That the grounds alleged against him for his removal were two; first, that he was not a resident of the ward; second, that he was a contractor, or had an interest in a contract, under the city, both of which were made disqualifications. The petitioner alleged that these charges against him were untrue, and that, in fact, no disqualification existed; but that a part of the board were unfriendly to him. Also, that proof had been taken in the matter, which was to come to a hearing upon the night of the day upon which the petition was presented. That a majority of the board, excluding his own vote, were against him, and would vote to expel him, and that he would. be expelled from the board at once. That the majority were governed by partisan motives, and he could not have a fair trial; for which reason, he prayed for writs of certiorari and supersedeas, to bring up the matter for a fair trial.
The writs were issued, and a motion was afterward made in court to dismiss them, which motion was overruled.
Application is now made in this court for a writ of prohibition, to prohibit Judge Halsey from taking further jurisdiction of the matter.
The ground upon which this application is based is, that inasmuch as the charter of the city makes the *212 board of aldermen the judges of the election and qualifications of its members, that tribunal had exclusive jurisdiction of the matter, and the circuit court had no jurisdiction, either upon the appeal or certiorari, to try the controversy; or, if this be not so, that at least the board of aldermen had the jurisdiction to try the controversy in the first instance, and the Circuit Judge had no jurisdiction to remove the trial into his court until a final judgment by the board of aldermen.
The first question that arises is, Has this court jurisdiction ?
The writ of prohibition was well known at common law, and it has been issued by the Supreme Court of the United States in many instances, and also by the courts of other States; but, so far as we have been able to ascertain, has never been issued by the supreme court of this State. In England this was a writ issuing properly out of the Court of King’s Bench, — being the king’s prerogative writ, — but in some cases also out of the Court of Chancery, or Common Pleas, or Exchequer, directed to the judge and the parties to a suit in an inferior court, commanding them to cease from the prosecution thereof, upon a suggestion that either the original cause or some collateral matter arising thereon, does not belong to that jurisdiction, but to the cognizance of some other court. See 3 Blackstone’s Com., p. 112.
Previously to the Constitution of 1834, the supreme court of this State was not an independent department of the State government. By that instrument, however, it was made so. That Constitution contained *213 'the provision: — “The jurisdiction of this court shall be appellate only, under such restrictions and regulations as may from time to time be prescribed by law; but it may possess such other jurisdiction as is' now conferred by law upon the present supreme court.”
The meaning of this language has been several times passed upon by the court. The first clause is clear and emphatic, that the jurisdiction shall be appellate only; but the latter clause, “but it may.possess such other . jurisdiction as is now conferred by law upon the present supreme court,” was supposed to throw some doubt upon the' entire provision; it being contended that the Legislature might, under this clause, invest the court with jurisdiction in any case, where the court had jurisdiction previously to that time. Previously to the adoption of this Constitution, it was, by the act of 1829, enacted in substance, that where a case had been continued for two terms, on account •of the incompetency of the chancellor, he might transfer such case for trial to the supreme court. Under this act the case of Miller v. Conlee, 5 Sneed, 432, was transferred to this court. It was held, upon the fullest examination and reflection which the court was able to bestow upon it, that the court had no jurisdiction.
The effect of the latter part of the clause we have quoted from the ' Constitution, was then considered. It was argued that these words, “it may possess such other jurisdiction as is now conferred by law on the present supreme court,” were intended to make an •exception to the general provision, that the jurisdiction *214 should be appellate only. Judge Caruthers said that it was evidently intended by the emphatic words employed, “appellate only,” to confine the clause, which apparently extends the jurisdiction to other cases, to such powers as, though not appellate, were absolutely necessary for carrying out and completing the jurisdiction given, — such as rendering judgments upon forfeited recognizances; entertaining motions for the failure of officers to return process, etc.
This view was repeated in the case of The State v. The Bank of East Tennessee, 5 Sneed, 573, and again in Ward v. Thomas, 2 Col., 565, where the opinion was delivered by David Campbell, Special Judge, and still again in The State v. Elmore, 6 Col., 528, in which last mentioned case it was held that this court had no jurisdiction to interfere with the action of a. Circuit Judge upon a habeas corpus.
The case of The State v. E. F. Hall, 3 Col., 256, was decided upon the same principle. That case was brought to this court by an appeal in the nature of a writ of error, and it was represented that the Circuit Judge had refused to sign the bill of exceptions, and a mandamus was awarded. This was upon the ground,, that as without this, the right of this court under its. appellate jurisdiction to review the errors of the court below would be defeated, it was but carrying out its. appellate jurisdiction.
These authorities settle the meaning of the clause in question in the Constitution of 1834; that the jurisdiction of this court is appellate only, with such: other powers as, though not strictly appellate, are yet *215 absolutely necessary in carrying out and completing the jurisdiction given.
The Convention of 1870 adopted in the new Constitution the precise language in question, without alteration in this respect, and we must suppose they did so in view of the construction given to it by the courts, as has been shown.
The meaning of this clause must, therefore, be taken as settled.
We may remark, that our Legislature has not undertaken to extend this provision of the Constitution,, but has enacted, in carrying out the provision, that that this court has no original jurisdiction. Code, 4496.
The simple question then is, Would the awarding of the writ now asked for be either the exercise of appellate jurisdiction or the carrying out of the jurisdiction of the court in a case already before it, in the mode pointed out for the correction of errors?
We think it would be neither. This is not one of the modes pointed out by our laws, by which the judgments or decrees of inferior courts are to be reviewed here. See Code, 3106. This court reviews the action of inferior courts in cases, or at least upon questions, that have been determined and adjudicated by such inferior courts, the question being first passed upon by the inferior court before it is subject to be re-examined here. In this way the judgment of two distinct tribunals is had upon the question.
Except in cases where special exception is made, this court does not take jurisdiction until the cause is finally disposed of in the court from which the *216 appeal or writ is prosecuted. In the excepted cases, the court only re-examines the questions passed upon by the inferior court; this, however, upon a direct appeal.
Without saying that the jurisdiction now invoked is original jurisdiction, we think it is not the exercise of the appellate jurisdiction given to the court; and that it is not the mode prescribed for the correction of errors.
It is true, as argued, that many of the cases in which the jurisdiction has been exercised by the Supreme Court of the United States, to issue this writ to the inferior courts, have been cases where the jurisdiction of that court appears to have been appellate only. But the original jurisdiction of the Supreme Court of the United States may be much more extensive than that of this court. The restriction in our' Constitution upon this court is much more positive and direct. At all events, we must adhere to our own construction of the clause in question.
We are unable to say to what extent the cases' referred to from other States are authority upon the question, as we have not the opportunity to examine the constitutions of those States, to see to what extent, if any, they define the jurisdiction of their courts.
It is argued, that the awarding of the writ applied for, is a matter of discretion, which should not -be exercised where the party has other adequate remedy, but that in this case there is none. And it is urged, that unless this power is exerted here, the result may be that the board of aldermen will be prevented from *217 ■exercising their right to remove Davis until his time shall have expired.
We may suppose other cases, in which equivalent results would follow; but this does not alter the question.
Parties are entitled only to the remedies ' the law gives- them.
It often happens that, practically, these remedies are barren of profitable results.
Upon the final action being had in the circuit court upon the motion before it, the adjudication may be reviewed here by appeal or writ of error. It may be that this will be too late to do any good. If so, it is not the only instance in which the remedy provided by law proves to be of no practical advantage.
It might expedite the final settlement of controversies, for this court to review each step taken in the court below, as taken, without waiting for final action; but the law does not provide for this.
In our opinion, we have no power to review the action of Judge Halsey in this mode.
The application will be refused at the plaintiff’s cost.